**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD GOMEZ, | 1:11-cv-00087-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| FERNANDO GONZALEZ, et al., | (Doc. 10.) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.  BACKGROUND**

Plaintiff, Trinidad Gomez ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 19, 2011, against defendants Fernando Gonzalez (Warden); Correctional Counselors C. Wood, Farmer, D. Rhodes, and M. Genova; Captain T. Lundy; Dr. Nesson; and the Director of Appeals (Sacramento), for acting in concert to deny Plaintiff's right to attend his mother's funeral services. (Doc. 1.)

On February 28, 2011, Plaintiff filed a motion for a court order prohibiting his transfer from California Correctional Institution ("CCI"), in Tehachapi, California, to another institution. (Doc. 10) The Court treats Plaintiff's motion as a motion for preliminary injunction.

///

## II. PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order prohibiting his transfer from CCI to another institution. According to Plaintiff's address of record, Plaintiff is now housed at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California.[1] Because Plaintiff is no longer incarcerated at CCI, his motion for a court order prohibiting his transfer from CCI is moot.

Further, the order requested by Plaintiff would not remedy any of the claims upon which this action proceeds. This action is proceeding against defendants based on events occurring in March 2010. Plaintiff now requests a court order protecting him from present and future actions. Because such an order would not remedy any of the claims upon which this action proceeds, the Court lacks

---

[1] On April 1, 2011, Plaintiff filed a Notice of Change of Address, changing his address from CCI to SATF. (Doc. 11.)

jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

Moreover, "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Because none of the defendants have appeared in this action, the Court does not have jurisdiction to issue an order prohibiting them from acting against Plaintiff.

### III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunction, filed February 28, 2011, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **May 23, 2011**              /s/ **Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE